RECEIVED

JOHN HENRY TOWNSEND
Prisoner No.: 10000-0XXX  2005 MAY 23  A 9: 36
*P.O. Box 5000*
*Yazoo City, MS 39194* DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

United States District Court for the Middle District of Alabama

Case No.: 97-131-N

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.     2:05cv477-D

JOHN HENRY TOWNSEND,

    Defendant/Movant.

_____/

### AMENDED[1]
### MOTION TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

1. **Name and location of court which entered the judgment of conviction under attack:** United States District Court, Middle District of Alabama (Montgomery).

2. **Date of judgment of conviction:** October 29, 1997

3. **Length of sentence:** 169 months

4. **Nature of offenses for which you were convicted:** Distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1).

5. **What was your plea? (Check one)**

   (a) Not Guilty     ( X )
   (b) Guilty          (   )
   (c) Nolo contendere ( )

---

[1] This is a proposed Amended Petition. Changes are indicated in bold and italics.

If you entered a guilty plea to one count or indictment, and not guilty plea to another count or indictment, give details:

6.  **Kind of trial:**   (Check one)
    (a)   Jury           ( X )
    (b)   Judge only     (   )

7.  Did you testify at trial? (Check one)
    Yes   (   )
    No    ( X )

8.  Did you appeal from the judgment of conviction? (Check one)
    Yes   ( X )
    No    (   )

9.  If you did appeal, answer the following:
    (a)   Name of court:    Eleventh Circuit Court of Appeals
    (b)   Result:           Affirmed
    (c)   Date of result:   March 16, 1999

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes   ( X )
    No    (   )

11. If your answer to 10 was "yes", give the following information:
    (a)   (1)   **Name of court:** United States District Court, Middle District of Alabama (Montgomery)
          (2)   **Nature of proceeding:** Rule 33 Motion for New Trial
          (3)   **Grounds raised:** Newly discovered evidence
          (4)   Did you receive an evidentiary hearing on your petition, application or motion?
                Yes   (   )
                No    ( X )
          (5)   **Result:** Denied
          (6)   **Date of result:** September 2, 1999

    (b)   As to any second petition, application or motion give the same information:

          (1)   **Name of court:** United States District Court, Middle District if Alabama (Montgomery)
          (2)   **Nature of proceeding:** Rule 60(b)(3) Motion for reconsideration of previously filed Rule 33 motion.

  (3) **Grounds raised:** False statements by prosecutor in responding to Rule 33 Motion.
  (4) **Did you receive an evidentiary hearing on your petition, application or motion?**
   Yes ( )
   No  ( X )
  (5) **Result:** Denied
  (6) **Date of result:** December 30, 1998

 (d) **Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?**

  (1) First petition, etc.  Yes ( X )  No ( )
  (2) Second petition, etc. Yes ( X )  No ( )

12. **State concisely every ground which you claim that you are being held unlawfully.**

 (A) Ineffective Assistance of Trial Counsel in Violation of Sixth Amendment

  The trial court agreed to permit the government to impeach the defendant with evidence of drug usage should he take the stand. The court's ruling was error but not properly preserved by counsel. *In order for this issue to have been preserved, trial counsel was required to have informed Petitioner of his right to take testify in his own behalf. Petitioner was not so advised. Failure of counsel to advise Petitioner of his right to testify in these circumstances constituted ineffective assistance of counsel.*

 (B) Ineffective Assistance of Appellate Counsel in Violation of Sixth Amendment

  If the trial court's error in ruling admissible as impeachment the defendant's drug usage was preserved, appellate counsel rendered ineffective assistance by failing to raise this issue on direct appeal.

 (C) Ineffective Assistance of Trial Counsel in Violation of Sixth Amendment

  Trial counsel rendered ineffective assistance of counsel where counsel failed to seek to suppress the defendant's post arrest statement where the statement was the fruit of an illegal arrest, where the defendant was not given Miranda warnings, where counsel failed to interview potential defense witnesses, and where counsel failed to contest government's claim that the defendant used drugs while on pretrial release. *Petitioner asked his attorney to interview Mark Woodward and Brenda Burke. Petitioner believes that Mr. Woodward would have denied participating in a distribution with Petitioner as alleged by the Cedric Grant. Petitioner believes that Ms. Burke would deny that Petitioner conducted such a transaction in his office*

*as alleged by Cedric Grant. Ms. Burke was available to testify in Petitioner's behalf. Had she testified there is a reasonable probability that the jury would have found the defendant not guilty.*

    (D)    Ineffective Assistance of Appellate Counsel in Violation of Sixth Amendment

Appellate counsel failed to argue that the trial courts re-instruction to the jury on aiding and abetting was in violation of Rule 30 of the Federal Rules of Criminal Procedure.

13. **If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:**

Issues A & C were not raised as a result of ineffective assistance of appellate counsel. Issue B was raised by new counsel in a petition for rehearing after the defendant's conviction was affirmed on appeal.

14. **Do you have any petition or appeal now pending in any court as to the judgment under attack?** Yes ( )   No ( X )

15. **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:**

    (a)    At preliminary hearing:    Unknown

    (b)    At arraignment and plea:    David Burne, III
    P.O. Box 5019
    Montgomery, AL 36103-5019

    (c)    At trial:    Barry Teague
    P.O. Box 586
    Montgomery, AL 3610

    (d)    At sentencing:    Barry Teague

    (e)    On appeal:    Richard J. Spurlin
    P.O. Drawer 7
    Andalusa, AL 36420

(f)  In any post-conviction proceeding:   Jon May, Esquire
110 SE 6th Street
Suite 1970
Fort Lauderdale, Fl 33301
954.761.7201    voice
954.767.8343    fax

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?**
Yes ( )
No  ( X )

17. **Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?**
Yes ( )
No  ( X )

WHEREFORE the Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Executed at **Yazoo, Mississippi**, this __19__ day of __MAY__, 2005.

Wherefore, John Henry Townsend represents that he has read and subscribed to the above and states that the information therein is true and correct.

_____
(Petitioner's signature)