IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    CIVIL ACTION NO. 2:05cv477-ID
    )    WO
JOHN HENRY TOWNSEND    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as an "*Amended Motion to Vacate,*

*Set Aside, or Correct Sentence by a Person in Federal Custody*" (Doc. 1), filed by federal

inmate John Henry Townsend ("Townsend") on May 19, 2005.[1]  By his motion, Townsend

purports to amend a previously filed 28 U.S.C. § 2255 motion challenging his 1997

conviction and sentence for distribution of cocaine.   For the reasons indicated below,

Townsend is not entitled to relief from this court.

**I.  DISCUSSION**

Townsend seeks to amend the 28 U.S.C. § 2255 motion that he filed on February 2,

2000.  That § 2255 motion was denied on the merits on October 16, 2001.  *See United States*

*v. Townsend*, No. 2:97cr131, *Order of District Court Judge* (Doc. 100), adopting Sep. 24,

2001, *Recommendation of Magistrate Judge* (Doc. 97).  Townsend contends that, pursuant

---

[1]Although Townsend's motion is date stamped "received" on May 23, 2005, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, May 19, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

to Fed.R.Civ.P. 15(c), the claims of ineffective assistance of counsel presented in his "amended motion" relate back to claims of ineffective assistance of counsel that were contained in his original § 2255 motion. *See Memorandum in Support of Motion to Amend Section 2255 Petition* (Doc. 2) at pp. 1-5. Thus, he says, the claims in the instant motion are timely and should be considered by this court, even though the motion was filed more than a year after his conviction became final.

Townsend's argument in this regard is not well taken. Because the § 2255 motion that first raised the ineffective-assistance-of-counsel claims had already been denied on the merits at the time Townsend filed his "amended motion," there was no pending § 2255 motion to relate back to. *See Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000) ("the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"); *see also Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (because petitioner's new § 2255 motion was not filed until after his previous § 2255 motion had been denied by the district court, his new motion could not be considered an "amendment" to the previous § 2255 motion with claims relating back to the previous motion).

In *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir.), *cert. denied*, ___ U.S. ___, 125 S.Ct. 15 (2004), the Eleventh Circuit Court of Appeals held that where a habeas petitioner seeks to file a pleading in the district court purporting to be an amended petition

for habeas relief after the district court has reviewed and denied a previous habeas petition on its merits, the "amended petition" is properly regarded as a successive petition, requiring authorization from the court of appeals.  379 F.3d at 1246-47.  Thus, this court considers Townsend's self-styled "Amended Motion to Vacate..." to be a second or successive § 2255 motion challenging his 1997 conviction and sentence.[2]  A *pro se* petitioner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions.  *See Wofford v. Scott*, 177 F.3d 1236, 1244, 1245 (11th Cir. 1999); *see also, e.g., Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1277 (11th Cir. 2004).

The AEDPA provides that to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶8.  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

---

[2]The basis for the holding in *Hubbard*, which involved a state prisoner in proceedings under 28 U.S.C. § 2254, applies equally to § 2255 proceedings and federal prisoners.  There is no material difference in the relevant statutory language pertaining to successive § 2254 petitions and successive § 2255 motions, *see 2*8 U.S.C. § 2244(b)(3)(A) & § 2255 ¶8, or in how the issues arising from that language should be resolved.

that was previously unavailable." 28 U.S.C. § 2255 ¶8.

Townsend has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004); *see also Hubbard, supra*, 379 F.3d at 1246-47. Accordingly, this court lacks the jurisdiction to consider Townsend's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Townsend on May 19, 2005, be denied and this case dismissed, as Townsend has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 28, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

     Done this 15th day of June, 2005.


        /s/ Vanzetta Penn McPherson
        VANZETTA PENN MCPHERSON
        UNITED STATES MAGISTRATE JUDGE