IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUN 27 A 10: 32

JOHN HENRY TOWNSEND,
    Petitioner,

vs                            CIVIL ACTION NO. 2:05cv477-ID
                                                   WO

UNITED STATES OF AMERICA,
    Respondent.
_____/

## OBJECTIONS TO REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE

Petitioner, John Henry Townsend, by and through himself, files the following objections to the Report and Recommendation issued by Magistrate Judge Vanzetta McPherson on June 15, 2005. In support of these objections, Petitioner will show as follows:

### MISREPRESENTATION BY ATTORNEY JUSTIFY
### EQUITABLE TOLLING OF HABEAS LIMITATION PERIOD

Attorney misconduct, at least that which qualifies as "extraordinary" or "egregious" may toll the running of the deadline imposed by the AEDPA Act for seeking habeas corpus-type relief pursuant to 28 U.S.C. § 2255. See Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Baldayaque v. United States, 338 F.3d 145, 152 (2nd Cir. 2003);

Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002); most recent (last month) United States v. Martin, 2005 WL 1250348, 8th Cir., Case No. 04-2734, May 27, 2005.

**Extraordinary Attorney Misconduct.** My attorney (Jon May) consistently misled me by telling me that there was no time limitation for filing my Amended Petition. By stating in one letter to me on June 3, 2003, that he had revised the affidavits of Ms. Burke and Mr. Woodward and we could amend the petition once the affidavits were signed. This was after the § 2255 had expired. See Exhibit "A". This present[] the type of egregious attorney misconduct that may excuse an untimely filing." See also Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003)(tolling state habeas petitioner's statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney).

**Diligence.** Equitable tolling is also appropriate in cases where petitioner or movant has demonstrated diligence in pursuing the matter. Petitioner Townsend will show he demonstrated sufficient diligence. I hired Attorney Jon May to take my case to whatever level necessary to overturn the injustice that had happen to me. Provided all documents to assist in this matter, consistently tried to stay abreast with my attorney until he completed and sent me the Amended Petition on February 4, 2003. Still not mentioning that its too late to file this Amended Petition. See attached,

2

correspondence to Attorney May. (Exhibit "B"). After months of the attorney's deception and neglect of getting the affidavits signed by Mr. Woodward, Petitioner revised the Memorandum of Law and promptly filed a pro se Amended Petition.

"This is not a case where Petitioner has himself to blame for an untimely filing, nor are we dealing with attorney negligence, simple error, or even abandonment." The attorney misrepresented the law. See Schlueter v. Varner, 384 F.3d 69, 77 (3rd Cir. 2004).

Moreover, the Magistrate Judge's Order does not mention, nor dispute the facts of Dean v. United States, 278 F.3d 1218 (11th Cir. 2002) which permits the filing of an Amended Petition after the statute of limitations period has run, since it relates back to the original petition.

Petitioner never had the intention that the Court would attempt to label his petition a second or successive § 2255 motion. Castro v. United States, ____U.S. ____, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), in which the Supreme Court held that unless pro se prisoners are warned of the effects of a recharacterization on their right to file a subsequent habeas petition, the subsequent petition will not be deem successive.

### ADDITION ARGUMENT

The Fifth Circuit Court of Appeals in Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998) interpreted an identical time limitation statute to mean that the period of limitation "is to be construed

as a statute of limitation and not a jurisdictional bar. As such, in rare and exceptional circumstances, it can be equitable tolled."

Petitioner's right to get out of prison did not arise until he reviewed what the courts were doing with these type issues in other cases. See <u>Jiles v. United States</u>, 00-CV-806 WDS (S.D. of Illinois 2004); <u>Rockmore v. United States</u>, 1:02-CV-0009-JOF (N.D. of Georgia 2004). Therefore, Petitioner could not lose a right that he had not yet acquired. In this unusual circumstance, the statute of limitation should be tolled. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." <u>Lambert v. United States</u>, 44 F.3d 296 (5th Cir. 1995). It would certainly be inequitable for Petitioner to have to serve an illegal sentence even though he has done all that he could legally do to oppose the sentence.

Where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. <u>Bivins v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). The Courts have clearly recognized Petitioner's right to a jury trial. The Court should now fashion a remedy to grant relief to Petitioner, who is serving time as a result of a clearly unconstitutional sentence. The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.

4

Marbury v. Madison, 1 Cranch 137 (1803).

## CONCLUSION

It would be consistent with Dean, Davis, Martin, etc., for this ailing Honorable United States Judge, Ira Dement, in the name of Jesus, to at once not adopt the Magistrate Judge and allow Petitioner Townsend to seek relief relating to his unconstitutional incarceration on the merits. Failure to allow a remedy would allow for an unconstitutional suspension or abolishment of the Writ of Habeas Corpus.

Respectfully Submitted,

*/s/ John Townsend*
John Townsend
Reg. No. 10000-002
P.O. Box 5000
Yazoo City, MS 39194

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Objection to the Report and Recommendation of the Magistrate Judge has been sent by United States Mail, postage prepaid, to Kent B. Brunson, Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101-0197 on this 21 day of June, 2005.

*/s/ John Townsend*
John Townsend

5