John Townsend
Reg. No. 10000-002
P.O. Box 5000
Yazoo City, MS 39194

May 29, 2002

Jon A. May
Attorney at Law
Auto Nation Tower
110 S.E. 6th Street
Suite 1970
Ft. Lauderdale, FL 33301

Dear Mr. May:

    First of all, I'll like to say thanks. You just don't know how the telephonic conversation reassured me today, that you can still stand and fight the United States Government. I know how they play, they (the Government) try to conquer all the lawyers. (the jury wheel in the Middle District of Alabama). That way no one can win. Remember, their is a saying "99% of the lawyers in the United States are no good". I feel I can continue to keep you in the 1%.

    Now, getting down to business, first I'll like to "relate back" to my right to testify. I know the court did not rule properly on that, or maybe we didn't put it there strong enough. Because from reading the Report and Recommendation from Judge Novotny, using the two (2) en banc decided cases out of the Eleventh Circuit. Their shouldn't be no way I couldn't get my chance to testify. See Exhibit "A". If you look back, this will be the third time I sent you a copy and made mention of this Supreme Court and Eleventh Circuit case law, which fit me like a hand inside a glove.

    Second, what about FRCP 15(c), related back argument, to my original 2255. The Magistrate Judge said in her recommendation we offer no affidavits of these witnesses or what they would have said. I think they (the witnesses) would tell the truth in an affidavit or testimony. What the informant (Cedric Grant) said happen, never happen. See <u>Davenport v. United States</u>, 217 F.3d

1341 (11th Cir. 2000). Looks to me its good law in 2002. See Exhibit "B". Also, enclosed are the affidavits, I prepared some two (2) years ago. I always wanted to get them notorized and sent to the court. Remember, I sent you a copy of <u>Fuller</u>, right out of the Northern District of Alabama. Exhibit "C". Nevertheless, I have quoted the issue, but not in Alabama, of failure to interview or call witnesses, using <u>United States v. Gray</u>, from my Petition and won. Not to mention, once again that I have used our cases right back in the Middle District of Alabama, pro-se, and have won. So I know its something else thats holding me. I have won there using the same law from my Petition.

The address for the witnesses are as followed:

Brenda D. Burke
116 Early Street
Montgomery, AL 36108

Mark Lee Woodard
3339 S. Court Street
Montgomery, AL 36108

Thanks in advance, I must conquer this injust conviction. I don't believe I can do it alone, from inside this prison, so I want someone who can stand and fight this wick government. Hopefully, you are the man.

Sincerely,

*John Townsend*

2

John Townsend
Reg. No. 10000-002
P.O. Box 5000
Yazoo City, MS 39194

September 16, 2002

Jon May
Attorney at Law
Auto Nation Tower
110 S.E. 6th Street
Suite 1970
Ft. Lauderdale, FL 33301

Dear Mr. May:

Enclosed is a notarized affidavit by Ms. Burke, so I don't think their would be any problem with her signing another one. But like I mention several times in our previous telephonic conversations, it been so long now and I have not been able to contact Mark Woodward. As you may remember we decide this some six (6) months ago, but I had worked on it some two (2) years ago and had verbally spoke to Mr. Woodward regarding the signing of an affidavit. Mr. Woodward had told me, no problem, he would sign an affidavit.

Second, in regards to the FRCP 15(c) motion, I like the idea of adding the <u>Clay</u> (jury wheel) issue in their. But what do you think about the Court saying that would be supplemental, not a "amendment" relating back and kill the whole motion, when part of it is an amendment. See <u>United States v. Hicks</u>, 283 F.3d 380 (D.C. Cir. 2002). If you think their might be this problem maybe we could hold the <u>Clay</u> issue and just relate back to the original issues and if we have to use <u>Clay</u> later in a successive petition.

Thanks in advance, I must conquer this injust conviction.

Sincerely,

John Townsend

John Townsend
Reg. No. 10000-002
P.O. Box 5000
Yazoo City, MS 39194

September 24, 2002

Jon May
Attorney at Law
Auto Nation Tower
110 S.E. 6th Street
Suite 1970
Ft. Lauderdale, FL 33301

  RE: **Jury Wheel**

Dear Mr. May:

  I am writing once again, in regards of one of my latest developments of attacking the jury wheel there in the Middle District of Alabama. As you my recall in a previous conversation or letter I mention that I had supplemented, not amended to relate back to a 2255 thats still pending there in the lower court, in which the Judge granted and ordered the Government to respond and now the U.S. Attorney response trying to construe it under FRCP 15(c). See Attached. But my concern is how they (the Government) will try to respond to FRCP 15(c). Emphasized on the highlighted parts. I like <u>Dean v. United States</u>, 278 F.3d 1218, 1222 (11th Cir. 2002) with regards to relating back to my issues. Seems like their should be no problem. Also, if the amendment is properly made (which I know you know how to make it) the jury selection process should be no problem, because as the U.S. Attorney states in Point 6 "A party must make his challenge 'before the voir dire examine begins, or within seven days after the defendant discovered or **could have discovered by the exercise of diligence**', the grounds therefor, whichever is earlier." So nothing could fit better than discovered by the exercise of diligence.

  Thanks in advance, I can't wait to hear from you concerning this motion.

                Sincerely,

                John Townsend

John Townsend
Reg. No. 10000-002
P.O. Box 5000
Yazoo City, MS 39194

October 21, 2002

Jon May
Attorney at Law
Auto Nation Tower
110 Southeast Sixth Street
Suite 1970
Ft. Lauderdale, FL 33301

RE: Amending Petition

Dear Mr. May:

Enclosed is my affidavit. I hope its not too broad. But, as you may recall in previous correspondence I discuss relating back to my right to testify issue, as well as the jury wheel issue. Moreover, I don't understand how they got by my right to testify. The defendant in a criminal case has a fundamental constitutional right to testify in his own behalf at trial. And I want mine!! See United States v. Teague, 953 F.2d 1525 (11th Cir. 1992); United States v. Camacho, 40 F.3d 349 (11th Cir. 1994); Gallego v. United States, 174 F.3d 1196 (11th Cir. 1999). This right cannot be waived by defense counsel. Because defense counsel is primarily responsible for advising the defendant of his right to testify, thereby ensuring the protection of that right, the appropriate vehicle for claims alleging that defense counsel violated the defendant's right to testify is a claim of ineffective assistance of counsel. I don't understand how they are getting by this and saying it's not a denial of a constititutional right. I don't want to let this one get by.

Nevertheless, as I mention earlier, I hope their is no problem with Mr. Woodward. I was unavailable to get the affidavit from him, when I got the one signed by Ms. Burke and "remember what you told me about that". Also, my sister (Jackie) will be contacting you to make proper arrangements to pay (clear) my account.

Thanks in advance. I can't wait for the filing of the petition.

Sincerely,

John Townsend

John Townsend
Reg. No. 10000-002   RECEIVED
P.O. Box 5000
Yazoo City, MS 39194
                      2005 JUN 27 A 10: 32
            February 10, 2003

Jon May
Attorney at Law
Auto Nation Tower
110 Southeast Sixth Street
Fort Lauderdale, Florida 33301

   RE: **Amended Petition or Possible Successive Petition**

Dear Mr. May:

   First of all, I'll like to thank you for the Petition. It reads good to me, just as all the previous filings, but none was granted. So I take the letter more serious and would like to discuss seeing if their is anything possible to do that would change you train of thought about this petition and my case. Sir, please lets not let monies be the problem here. So, if you think in order for me to do something that you might change and believe we can overcome this injustice, please inform me.

   At least, their is one issue with agree on, and I can't understand how the courts are doing it the way they are. My right to testify. I would also like to share more case law on this issue with you, to see if we can make it strong enough to convince you otherwise. See Attached. United States v. Mullins, 5th Cir. No. 01-10524. Also, I am waiting on the file of Orlando Gallego. I been in contact with the Federal Public Defender, who represented Mr. Gallego, there in Fort Lauderdale, Ms. Brenda G. Bryn, who is in the process of helping me obtain the motions filed on Mr. Gallego's behalf. Maybe after a review, their could be some input for my petition.

   Next, my strongest issue that I believe in, is not surrounded around Derrick Gasden. I am focusing my argument on the credibility of Mashal Simons. He is the only government witness, not caught lying and said I was read my Miranda rights and that I confessed. Their is no question that Simons was the most crucial witness on

these issues that would have been suppressed. But at the time the Court made the credibility determination it did not have the benefit of knowledge of Simons' extralegal activities. Recognizing that the Court ultimately accepted Simons testimony, that testimony was the only testimony nevertheless not uncontradicted and not of unquestionable value. Now, with the injection of the subsequent events involving Simons into the formula, I would like to argue that his testimony should be critically re-evaluated in light of a full disclosure of not only the events leading to the dismissal of indictments, see attached, but also other relevant facts which may as yet lie undiscovered. We don't know what is the inference of his (Simons) involvement in misconduct. The government is peculiarly in exclusive possession of this information. Without court assistance this information will remain forever hidden from us, if we never raise this argument.

Thanks in advance, I wait patiently for your response.

Sincerely,

John Townsend